HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BARBARA STUART ROBINSON,<br><br>    Plaintiff,<br><br> v.<br><br>SOUTH SOUND 911,<br><br>    Defendant. | CASE NO. C17-6063RBL<br><br>ORDER GRANTING DEFENDANT'S<br>12(B)(6) MOTION TO DISMISS |

  THIS MATTER comes before the Court on Defendant's 12(b)(6) Motion to Dismiss Plaintiff's Complaint [Dkt. #9], and the Court having considered the following:

  1. Defendant's 12(b)(6) Motion to Dismiss Plaintiff's Complaint;

  2. Declaration of Robert W. Novasky in Support of Defendant's Motion to Dismiss Plaintiff's Complaint;

  3. Plaintiff's Response to Defendant's Motion to Dismiss; and

  4. Defendant's Supplemental Brief.

  This case arises from two 911 calls placed by Plaintiff Barbara Stuart Robinson because an auto repair shop was withholding her vehicle. Defendant South Sound 911 ("Defendant") answered Plaintiff's 911 calls but refused to dispatch police officers. Plaintiff

claims that Defendant violated Article III of the United States Constitution, breached an alleged fiduciary duty under 29 U.S.C. § 1109, violated RCW 5.40.050, and violated RCW 38.52.010, 38.52.020, and 38.52.080. For the reasons set forth below, the Complaint fails to state a claim under any of these theories, and the Complaint is dismissed.

The Complaint alleges the following material facts. At 5:20 p.m. on December 8, 2012, Plaintiff placed a 911 call, which was answered by Defendant. Plaintiff advised Defendant that non-party A1 Transmissions refused to release Plaintiff's vehicle to her. Defendant told Plaintiff that it would not dispatch the police in response to her request because the dispute was not criminal in nature. At about 6:00 p.m., Plaintiff placed a second call to 911, which was answered by Defendant. Defendant again refused to dispatch the police.

On December 11, 2017, Plaintiff filed her Complaint in the Superior Court of the State of Washington for Pierce County. The Complaint asserts the following causes of action:

CAUSE OF ACTION: 38.52.020 Declaration of policy and purpose

1. Violation of Declaration of Service – Washington State – Policy and Purpose Outside Aid – Rights and Liabilities – Claims of Emergency Management
2. Violation of the United States Constitution 3 – Deprivation of Civil Rights – Personal Rights
3. Breach of Duty RCW 5.40.050
4. Abridged Civil Rights in Violation of State Law RCW 38.52.010(5)(b)

Though not styled as a cause of action, Plaintiff also seeks to recover damages for breach of fiduciary duty pursuant to 29 U.S.C. § 1109.

On December 21, 2017, Defendant removed this action to the U.S. District Court for the Western District of Washington.

Courts may take judicial notice of adjudicative facts that are "generally known within the trial court's territorial jurisdiction" and facts that "can be accurately and readily determined from

sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201. Accordingly, courts may take judicial notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue.'" *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002).

Plaintiff is a vexatious litigant. Defendant requests that the Court take judicial notice that the State of California declared Plaintiff a vexatious litigant. Defendant requests that the Court take judicial notice that U.S. District Court for the Western District of Washington declared Plaintiff a vexatious litigant in *Robinson v. Tacoma Cmty. College*, No. C11-5151BHS, 2011 WL 6096295, at *4 (W.D. Wash. Dec. 7, 2011). Defendant requests that this Court take judicial notice that the U.S. District Court for the Western District of Washington has enjoined Plaintiff from filing a claim against a governmental agency without leave of the court. Defendant further requests that this Court take judicial notice that Plaintiff has filed at least 27 other actions in state and federal court since March 18, 2010, and many of those actions were filed against governmental entities.

Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss the plaintiff's complaint for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss for failure to state a claim, the plaintiff must allege enough facts to state a claim to relief that is plausible on its face." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). The court "must accept plaintiff's allegations as true and construe them in the light most favorable to the plaintiff." *Compper v. VISX, Inc.*, 298 F.3d 893, 896 (9th Cir. 2002). But, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epsteinn v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).

The dispositive question for purposes of this motion to dismiss is whether—assuming the truth of all of the material allegations in the Complaint—the Complaint asserts a cognizable legal theory and whether the alleged facts would support such a legal theory. As stated in Defendant's

12(b)(6) Motion to Dismiss Plaintiff's Complaint, each of the causes of action asserted in the Complaint does not rest on a cognizable legal theory of liability and/or each of the Plaintiff's causes of action are unsupported by the facts alleged.

The Court agrees with the Defendant and hereby **ORDERS** that Defendant's Motion to Dismiss is hereby **GRANTED**, and Plaintiff's Complaint is **DISMISSED WITHOUT LEAVE TO AMEND.**

IT IS SO ORDERED.

Dated this 8TH day of March, 2018.

_____
Ronald B. Leighton
United States District Judge